UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD C. LAROQUE,<br><br>                Plaintiff,<br><br>    v.<br><br>POLLIANNA J. CAREY-STROVE,<br><br>                Defendant. | CASE NO. 3:22-CV-5221-RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 29, 2022 |

      The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On April 4, 2022, Plaintiff Ronald C. Laroque filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1, 1-1. The Court has reviewed the Application to Proceed and the proposed complaint and finds the Court lacks jurisdiction in this case. Therefore, the Court recommends the Application (Dkt. 1) be denied and this case be dismissed.

REPORT AND RECOMMENDATION - 1

1      **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

     **Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1 at 1. As of April 4, 2022, Plaintiff states he has no cash on hand and a debt in his bank accounts. *Id*. at 2. Plaintiff has no assets and his expenses exceed his income. *See* Dkt. 1.

     **Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

     In the proposed complaint, Plaintiff alleges state law claims of defamation, fraudulent misrepresentation, and abuse of process related to allegedly false allegations of harassment made by Defendant Pollianna Carey-Strove. Dkt. 1-1.

     ***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-

08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Here, there is no showing that the Court has subject matter jurisdiction in this case. Plaintiff does not identify a federal claim upon which he is seeking relief. Rather, in the civil cover sheet, Plaintiff states the nature of the suit is a tort – assault, libel & slander and, in the proposed complaint, Plaintiff only identifies state law claims and only cites to state law. *See* Dkt. 1-1, 1-2. Therefore, the Court does not have federal question jurisdiction. Additionally, the Plaintiff and Defendant have Washington addresses, and so appear to be citizens of the State of Washington. *See id.* Accordingly, the Court does not have diversity of citizenship subject matter jurisdiction. The Court notes that, because the Court does not have original jurisdiction, it does not have supplemental jurisdiction over state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804-807 (9th Cir. 2001). The complaint is subject to dismissal without prejudice on the basis of jurisdiction alone. The Courts of the State of Washington may have jurisdiction.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, any attempt by Plaintiff to amend the complaint would be futile.

**Application to Proceed IFP Should be DENIED**. Plaintiff's Application to Proceed IFP (Dkt. 1) should be denied. As provided above, the Court lacks subject matter jurisdiction in this case. Plaintiff's case should be dismissed without prejudice because amendment of the complaint would be futile. He should be denied IFP.

**IFP on Appeal.** In the event Plaintiff appeals an order dismissing this case, IFP status should be denied by this Court without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

**Conclusion.** For the above stated reasons, the Court finds it lacks subject matter jurisdiction in this case. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 29, 2022, as noted in the caption.

Dated this 12th day of April, 2022.

David W. Christel
United States Magistrate Judge